Matter of Dennis v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2021 NY Slip Op 07507)





Matter of Dennis v Board of Educ. of the City Sch. Dist. of the City of N.Y.


2021 NY Slip Op 07507


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Index No. 160310/19 Appeal No. 14837 Case No. 2020-04693 

[*1]In the Matter of Audrey Dennis, Petitioner-Appellant,
v
Board of Education of the City School District of the City of New York et al., Respondents-Respondents.


Law Office of Robert T. Reilly, New York (Oriana Vigliotti of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondents.



Judgment (denominated an order), Supreme Court, New York County (Lynn R. Kotler, J.), entered July 30, 2020, insofar as it denied the amended petition seeking to annul respondents' determination, dated February 20, 2020, reversing petitioner's satisfactory rating (S-rating) and issuing "no rating" for her performance for the 2018 summer session and denying her back pay for the 2019 summer session, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously modified, on the facts, to remand to Supreme Court to determine whether respondents' replacement of petitioner's S-rating with "no rating" was arbitrary and capricious, and otherwise affirmed, without costs.
Petitioner is a tenured school secretary who was employed for 28 years by respondents Board of Education of the City School District of the City of New York (BOE) and Richard A. Carranza, as Chancellor of the City School District of the City of New York. In 2012, petitioner began working at the Leonardo DaVinci School, I.S. 61, in Queens.
In 2018, because petitioner met certain requirements set forth in the collective bargaining agreement (CBA) between respondents and the United Federation of Teachers (UFT), including having previously received S-ratings, she was entitled to "per session" employment during summer school sessions. As a result, petitioner was employed for the summer session at the Corona Arts & Sciences Academy, M.S. 11, in Queens. Petitioner alleged that she originally received an S-rating from M.S. 11 Principal Beth Hert for the 2018 summer session but it was subsequently revised, by I.S. 61 Principal Joseph Lisa, to an unsatisfactory rating (U-rating). The revision was based on an October 28, 2018 Office of Special Investigations (OSI) report and a November 13, 2018 disciplinary letter that was placed in petitioner's personnel file. The OSI report and disciplinary letter stated, among other things, that petitioner committed time theft by working 6 hours and 20 minutes in excess of the hours permitted by her per session assignment without the approval of her supervisors.
Petitioner appealed the U-rating and a hearing was held on May 23, 2019. Prior to the hearing's termination, petitioner and respondents entered into a stipulation settling the charges. The stipulation provided that: 1) respondents would discontinue the hearing and take no further disciplinary action relating to the charges; 2) petitioner admitted that during the 2018 summer school session she used the principal's passcode, without permission, to approve her own time, and acknowledged that this action was improper; 3) respondents would remove the November 13, 2018 disciplinary letter from petitioner's personnel file and replace it with the stipulation of settlement; and 4) petitioner was not precluded from commencing a CPLR article 78 proceeding to challenge the U-rating.
On October 23, 2019, petitioner initiated this article 78 proceeding and respondents then cross-moved to dismiss [*2]the original petition. Petitioner alleges in the amended petition underlying the appeal that following the filing of the original petition, District 24 Superintendent Madelene Chan, at the request of the UFT representative, looked into the matter and stated that she would instruct petitioner's principal to reverse the U-rating and reinstate the S-rating. On January 12, 2020, Principal Lisa provided petitioner with a revised rating sheet signed by Principal Hert giving petitioner an S-rating for the 2018 summer session.
Petitioner contends that on January 15, 2020, she applied and was approved for per session work for the 2020 summer session. In February 2020, respondents annulled petitioner's U-rating for the summer 2018 session, removed it from her personnel file, and replaced it with a "no rating."
On February 25, 2020, petitioner filed the amended petition and respondents filed a second cross motion to dismiss it. In connection with the second cross motion, respondents submitted an affidavit from Genevieve Aloia, the Director of the Office of Salary Services of the Human Capital Division of the BOE, who had also submitted an affidavit on respondents' first cross motion, dated June 9, 2020. According to the second Aloia affidavit — which purported to "update the Court with respect to several statements contained in [her] first affidavit" — in February 2020, Aloia directed a system programmer to "correct" the electronic records to remove petitioner's U-rating and substitute a "no rating" for the 2018 summer session. Aloia also averred that upon further review after her directive to the programmer, she discovered that the electronic records "incorrectly" contained an S-rating for the summer 2018 session and that the records had then been correct to annul the S-rating.
Supreme Court denied the amended petition, finding that although there was no rational basis for the U-rating, the issue was moot because respondents had removed the U-rating and replaced it with a "no rating" for the summer 2018 session.
Judicial review of the BOE's employee ratings is confined to determining if there was a rational basis for the rating or if the rating was arbitrary and capricious (see e.g. Razor v City of New York, 147 AD3d 453, 454 [1st Dept 2017]). Although Supreme Court found that there was no rational basis for petitioner's U-rating, it failed to consider whether giving petitioner a "no rating" rather than an "S-rating" was arbitrary and capricious.
Further, contrary to respondents' claim, the controversy here is not moot because the judicial determination has immediate practical consequences for the parties (see Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576 [2014]). Petitioner's S-rating for the 2018 summer session was not restored prior to the filing of the amended petition, and she also contested the denial of back pay and benefits for the 2019 summer session.
Similarly, respondents' argument that petitioner failed [*3]to exhaust her contractual remedies through the CBA grievance process before proceeding to court, which respondents also argued in Supreme Court, is unavailing. While article 17 of the CBA provides grievance procedures for U-ratings, nowhere does it reference an administrative remedy for a "no rating."
The court properly found that petitioner was not entitled to back pay for the 2019 summer session because she failed to show that she would have received that assignment but for the U-rating.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021